**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Rigoberto Martinez Arias, Petitioner -vs- Luis Rosa, Jr., et al., Respondents. | CV-26-5730-PHX-JFM **Order** |

Petitioner has filed, through counsel, a Petition for Writ of Habeas Corpus (Doc. 1) seeking release from detention pending completion of removal proceedings or a detention hearing, arguing that he is being detained in violation of statutes (*i.e.* by application of 8 U.S.C. § 1225 rather than § 1226), and his Fifth Amendment Due Process rights, that his warrantless arrest violated the statutes and regulations, and he was previously unlawfully detained after dismissal of removal proceedings. An answer to the Petition is due August 21, 2026.

In the meantime, Petitioner has filed a Motion for Temporary Restraining Order (Doc. 2) seeking to enjoin his transfer or removal prior to a decision on the Petition. Petitioner argues immigration officials have asserted an as-yet-unproduced 1996 removal order that they argue renders new removal proceedings unnecessary. Petitioner asserts he is seeking to reopen any proceedings from 1996, and suggests (without clear reasoning) a third-country removal is expected because of his continued detention.

> We hold that there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself. The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant "relief of the same character as that which may be granted finally." *De Beers Consol. Mines* [*v. United States*], 325 U.S. [212, 220 (1945)]. Absent

> that relationship or nexus, the district court lacks authority to grant the relief requested.

*Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). Without further briefing, it is not clear to the Court that Petitioner is seeking temporary relief (related to removal efforts and location of detention) with a sufficient nexus to his habeas petition (related to the fact of detention), particularly where a removal would appear to deliver the ultimate relief sought in the Petition and thus would render the Petition moot. Moreover, this Court generally lacks jurisdiction to review removal proceedings. *See* 8 U.S.C. § 1252.

In any event, the Court's Standard Scheduling Order pursuant to General Order 26-09 (Doc.5) provides for expedited determinations and prior notice of any intent to remove:

> **4. Temporary Restraining Orders and Preliminary Injunctions**
> The standard scheduling order is intended to provide a prompt resolution of habeas petitions and reduce the contemporaneous filing of motions for a temporary restraining order or other injunctive relief. Motions for temporary restraining orders should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the standard schedule, such as imminent removal from the United States. If the petitioner believes an application for a temporary restraining order is appropriate, the application must be filed separately from the petition and must comply with Rule 65, Fed. R. Civ. P. The filing of an application for a temporary restraining order does not alter or suspend the parties' obligations under the standard schedule for briefing the petition for final disposition. The District Judge or the Magistrate Judge, where the parties have consented to Magistrate Judge jurisdiction, will manage the case through completion, including any adjudication of any application for preliminary equitable relief.
>
> **5. Notice of Removal of Petitioner from the United States**
> During the pendency of these proceedings, the government must provide at least two business days' notice to the petitioner, petitioner's counsel—if petitioner has counsel, and the Court of its intent to remove the petitioner from the United States and must not remove the petitioner during that time period.

(G.O. 26-09 at 4.)

**IT IS THEREFORE ORDERED**:

(A) Respondents must respond to the Motion for Temporary Restraining Order (Doc. 2) with their Response to the Petition.

(B) In the event Respondents file a notice of intent to remove, as required under General

Order 26-09 ¶ 5, they must file with such notice of intent a response to the Motion for Temporary Restraining Order (Doc. 2).

(C) Petitioner has 24 hours from the filing of such response to reply thereto.

Dated: August 18, 2026

26-5730o Order 26 08 17 re Resp DL MTRO.docx

James F. Metcalf
United States Magistrate Judge