**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

Rigoberto Martinez Arias,
Petitioner
-vs-
Luis Rosa, Jr., et al.,
Respondents.

CV-26-5730-PHX-JFM

**Order**

Petitioner filed a Petition (Doc. 1) under 28 U.S.C. § 2241, challenging his immigration detention, and a Motion for Temporary Restraining Order (Doc. 2), seeking an injunction prohibiting his removal to Honduras or any third country until this Court has resolved the Petition.

The Court ordered Respondents to show cause why the Petition should not be granted. (Doc. 5.) In the Response, Respondents state: "[t]he Government does not oppose a bond hearing" and "Petitioner was lawfully detained pursuant to an I-200 administrative warrant on May 13, 2026." (Doc. 9.)

Petitioner filed a Reply (Doc. 10) stating that shortly after his Petition was filed, Respondents transferred him out of this District to the Jackson Parish Correctional Center in Oakdale, Louisiana. Petitioner states he believes this transfer "was executed with full knowledge of the active federal litigation, as the transporting ICE officer explicitly informed Petitioner of the filings during the transfer process." (*Id.* at 3.) Petitioner argues that despite his transfer, this Court retains jurisdiction over his Petition; Respondents "cannot avoid the binding controls of Ninth Circuit precedent through subterfuge or forum shopping"; and "an immediate stay of removal is required to prevent [R]espondents from executing a factually unsubstantiated in absentia order before Petitioner can exhaust his administrative remedies." Petitioner requests immediate release or, in the alternative, his

immediate return to the Florence Service Processing Center for an immigration bond hearing or an order that the Immigration Court conduct his bond hearing "in strict accordance with binding Ninth Circuit precedent—specifically *Rodriguez-Vazquez v. Bostock*, No. 25-6842 (9th Cir. July 30, 2026)—regardless of Petitioner's current or future physical location."

Because the Government did not oppose Petitioner's Motion for Temporary Restraining Order, the Court will grant the Motion and enjoin Respondents from removing Petitioner from the United States during litigation of the Petition. The Court will give Respondents an opportunity to file supplemental briefing addressing the issues in Petitioner's Reply and informing the Court, with supporting documentation, of the legal and factual basis for Petitioner's detention. Petitioner will be given an opportunity to reply.

**IT IS THEREFORE ORDERED:**

(A) Petitioner's Motion for Temporary Restraining Order (Doc. 2) is **GRANTED** as provided herein.

(B) Respondents are **ENJOINED** from removing Petitioner to Honduras or any third country while this Petition is pending.

(C) Respondents must file supplemental briefing on or before **September 7, 2026** as provided herein.

(D) Petitioner has three days from the filing of such supplemental briefing to reply thereto.

Dated: August 25, 2026

26-5730o Order 26 08 25 re Grant MTRO Req Supp Brief.docx

James F. Metcalf
United States Magistrate Judge